AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-26-18)

```
                                  FILED _____ LODGED
                                  _____ RECEIVED

                                  JUN 18 2019

                                  CLERK U.S. DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON AT TACOMA
                           BY                                      DEPUTY
```

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

In the Matter of the Search of                )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No.  MJ 19- 5107
information associated with call number (971)  )
264-8580 that is stored at premises controlled by )
Cellco Partnership, DBA Verizon Wireless       )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, incorporated herein by reference.

located in the _____ Western _____ District of _____ Washington _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | distribution of and conspiracy to distribute controlled substances |

The application is based on these facts:

✓ See Affidavit of Special Agent Zachary Wills, Drug Enforcement Administration, continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or ☐ telephonically recorded.

_____
*Applicant's signature*

Zachary Wills, Special Agent, DEA
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: June 18, 2019

_____
*Judge's signature*

City and state:  Tacoma, Washington

Theresa L. Fricke, United States Magistrate Judge
*Printed name and title*

USAO: 2019R00236

## ATTACHMENT A

*Property to Be Searched*

This warrant applies to information associated with call number (971) 264-8580 (the "Target Account") that is stored at premises owned, maintained, controlled, or operated by Cellco Partnership, DBA Verizon Wireless ("Verizon"), a wireless provider headquartered at 180 Washington Valley Road Bedminster, New Jersey 07921.

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT A
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  
2  
3  I.  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

ATTACHMENT B

*Particular Things to be Seized*

I.   Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of Verizon, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Verizon or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Verizon is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.   All voice mail, text, and multimedia messages—from June 7, 2019 through the date of execution of this warrant—stored and presently contained in, or on behalf of the account or identifier;

b.   All existing printouts from original storage of all of the text messages described above;

c.   All transactional information of all activity of the telephones and/or voicemail accounts described above, including log files, messaging logs, local and long distance telephone connection records, records of session times and durations, dates and times of connecting, methods of connecting, telephone numbers associated with outgoing and incoming calls, cell towers used, and/or locations used from June 7, 2019 through the date of execution of this warrant;

d.   All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message from June 7, 2019 through the date of execution of this warrant;

e.   All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN (Electronic Serial Number) or other unique identifier for the

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  wireless device associated with the account, Social Security number, date of birth,
2  telephone numbers, and other identifiers associated with the account;

3          f.       Incoming and outgoing telephone numbers, from June 7, 2019 through the
4  date of execution of this warrant;

5          g.       All records indicating the services available to subscribers of individual
6  accounts and/or identifiers described above; and

7          h.       All records pertaining to communications between Verizon and any person
8  regarding the account or identifier, including contacts with support services and records of
9  actions taken.

10         Verizon is hereby ordered to disclose the above information to the government
11  within seven days of service of this warrant.

12  II.     Information to Be Seized by the Government

13         All information described above in Section I that constitutes fruits, evidence and
14  instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846 involving LUIS
15  CASTANEDA since June 7, 2019, including, for each account or identifier listed on
16  Attachment A, information pertaining to the following matters:

17         a.       Conversations relating to the unlawful sale of narcotics;

18         b.       Evidence indicating how and when the cellular device and associated cellular
19  service was used to determine the chronological context of cellular device use, account
20  access, and events relating to the crime under investigation;

21         c.       Evidence indicating the geographic location of the cellular device at times
22  relevant to the investigation;

23         d.       Evidence indicating the cellular device owner or user's state of mind as it
24  relates to the crime under investigation;

25         e.       The identity of the person(s) who created the account associated with the
26  cellular device and/or used the cellular device, including records that help reveal the
27  whereabouts of such person(s); and

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   f.  The identity of the person(s) who sent to and/or received communications

2 from the cellular device about matters relating to the distribution of controlled substances,

3 including records that help reveal their whereabouts.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2  STATE OF WASHINGTON  )

3  COUNTY OF CLARK  )  ss
          )

4

5              AFFIDAVIT IN SUPPORT OF
6        AN APPLICATION FOR A SEARCH WARRANT

7  I, Zachary Wills, being first duly sworn on oath, depose and state as follows:

8            INTRODUCTION AND AGENT BACKGROUND

9      1.    I make this affidavit in support of an application for a search warrant for

10  information associated with call number (971) 264-8580 (the "Target Account") that is

11  stored at premises owned, maintained, controlled, or operated by Cellco Partnership, DBA

12  Verizon Wireless ("Verizon"), a wireless provider headquartered at 180 Washington

13  Valley Road Bedminster, New Jersey 07921.  The information to be searched is described

14  in the following paragraphs and in Attachment A.  This affidavit is made in support of an

15  application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and

16  2703(c)(1)(A) to require Verizon to disclose to the government records and other

17  information in its possession pertaining to the subscriber or customer associated with the

18  accounts, including the contents of communications.

19      2.    I am a Special Agent with the Drug Enforcement Administration ("DEA")

20  and have been since September 2016.  I am currently assigned to the DEA Portland District

21  Office.  My duties include conducting criminal investigations for possible violations of

22  federal law, particularly those found in Title 18 and Title 21 of the United States Code.  I

23  have received specialized training from the DEA, including a 19-week Basic Agent

24  Training course.  Prior to joining DEA, I was a Police Officer with the Metropolitan Police

25  Department in Washington D.C. for approximately three years.  During my tenure with the

26  police department, I worked as a district patrol officer and in the Narcotic Special

27  Investigation Division—Gun Recovery Unit.

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 1
(USAO #2019R00236)

3.     During the course of my law enforcement career, I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, including Mexico-based drug trafficking organizations.   These investigations have related to, among other things, the possession of narcotics with intent to distribute, distribution of controlled substances, and associated conspiracies.   These investigations have involved confidential informants; undercover agents; analysis of pen register, trap and trace, and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants.

4.     As part of my investigative experience, I have monitored and reviewed lawfully intercepted conversations regarding the trafficking of cocaine, heroin, and methamphetamine by persons participating in drug distribution activity.   I have also interviewed multiple defendants, drug dealers, confidential sources, and customers regarding their drug distribution activities.   Through these experiences, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

5.     I have authored affidavits for and/or executed more than 15 search warrants for locations associated with drug distribution conspiracies, including residences, businesses, storage facilities, outbuildings, safety deposit boxes, and vehicles. Additionally, I have authored multiple tracking warrant affidavits, including federal tracking warrant affidavits for vehicles and cellular telephones. I have testified in grand jury proceedings, and written reports in the course of investigations. These investigations have resulted in successful state and federal prosecutions of individuals who have possessed, imported, or distributed controlled substances, including cocaine, methamphetamine, and heroin, and seizure of illegal drugs and proceeds.

6.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 2
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 is intended to show merely that there is sufficient probable cause for the requested warrant
2 and does not set forth all of my knowledge about this matter.

3                                              JURISDICTION

4       7.      This Court has jurisdiction to issue the requested warrant because it is "a
5 court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a),
6 (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . .
7 that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

8                                          PROBABLE CAUSE

9       8.      The DEA is conducting a criminal investigation of LUIS CASTANEDA,
10 EMMANNUEL CASTANEDA, EZEQUIEL CASTANEDA, and others regarding a
11 conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and
12 846.  In February 2019, DEA agents in Laredo, Texas and Mexico City, Mexico provided
13 DEA in Portland, Oregon with information regarding an individual in Vancouver,
14 Washington suspected to possess large quantities of methamphetamine.  According to this
15 investigative lead, the suspected phone number for this individual was (360) 823-7841—
16 believed to be used by EZEQUIEL CASTANEDA ("E. Castaneda Phone #1").

17      9.      DEA agents in Portland queried law enforcement databases, and determined
18 that, in December 2018, Portland Police Bureau ("PPB") had contact with an individual
19 associated with E. Castaneda Phone #1.  PPB identified the individual as EZEQUIEL
20 CASTANEDA JUAREZ.  When law enforcement contacted this individual, he was in
21 direct proximity to a black Porsche Cayenne bearing Washington License plate BJS0426
22 (the "Porsche Cayenne").

23      10.     Using this information, law enforcement conducted a controlled purchase
24 from EZEQUIEL CASTANEDA through a confidential source ("CS-1").[1]  On February

25

26 ——————————

27      [1] CS-1 has worked with the DEA since 2014, and provides information to law enforcement
   in exchange for monetary compensation.  CS-1 has a criminal history that includes a conviction
28 for possession of a controlled substance, and arrests for assault and domestic violence.  In 2015,
   CS-1 was convicted of violating a restraining order.

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 3
(USAO #2019R00236)

1   26, 2019, CS-1, acting under the direction and supervision of DEA Agents, began placing
2   consensually-recorded phone calls to E. Castaneda Phone #1. During the ensuing phone
3   conversations, CS-1 and EZEQUIEL CASTANEDA negotiated a methamphetamine sale.
4   EZEQUIEL CASTANEDA stated he had "one and a half" for $6000, and agreed to meet
5   CS-1 on March 1, 2019.

6         11.     On March 1, 2019, at approximately 10:40 a.m., CS-1 placed a consensually
7   recorded phone call to E. Castaneda Phone #1 to coordinate a methamphetamine purchase.
8   During the ensuing phone conversation, EZEQUIEL CASTANEDA advised CS-1 that his
9   partner would contact CS-1. Approximately five minutes later, CS-1 received a call from
10   (360) 975-2257, believed to be used by LUIS CASTANEDA ("L. Castaneda Phone #1").
11   CS-1 and LUIS CASTANEDA ultimately agreed to meet at the Vancouver Mall, in
12   Vancouver, Washington, within the Western District of Washington.

13         12.     At approximately 12:57 p.m., investigators conducting surveillance at the
14   Vancouver Mall observed the arrival of the Porsche Cayenne. The Porsche parked at the
15   Macy's shopping center, and the driver exited the vehicle. Simultaneously, CS-1 received
16   a call from LUIS CASTANEDA who advised CS-1 that he was at the Macy's in a black
17   Porsche.

18         13.     Following the call, CS-1 drove towards the Macy's, and parked near the
19   Porsche Cayenne. The driver of the Porsche, subsequently identified by law enforcement
20   as LUIS CASTANEDA, retrieved a bag from the rear of the Porsche, and walked to the
21   rear of CS-1's vehicle. LUIS CASTANEDA placed the bag on CS-1's rear passenger seat,
22   entered CS-1's front passenger door, and closed the door. After several minutes, LUIS
23   CASTANEDA exited CS-1's vehicle, and departed the location in the Porsche.

24         14.     During a post-operation debriefing, CS-1 identified the driver of the Porsche
25   Cayenne from a Washington Driver's License photograph of LUIS CASTANEDA. CS-1
26   explained that, after LUIS CASTANEDA had entered CS-1's car, the CI gave LUIS
27   CASTANEDA $6000 in DEA-provided buy money.

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 4
(USAO #2019R00236)

15.     Agents subsequently weighed and field-tested the substance in the bag that LUIS CASTANEDA provided to CS-1.  The substance tested presumptively positive for the presence of methamphetamine, and weighed approximately 1548.1 gross grams, including packaging.

16.     On March 21, 2019, the Honorable Theresa L. Fricke, United States Magistrate Judge, Western District of Washington, issued a tracking warrant for the Porsche Cayenne, E. Castaneda Phone #1, and L. Castaneda Phone #1.

17.     Immediately after activating the tracking warrant for E. Castaneda Phone #1, AT&T advised investigators that the device was out of minutes, but would still transmit location data when powered on.  Over the ensuing weeks, law enforcement received only intermittent location information for this device.  Investigators therefore attempted to identify an additional telephone for EZEQUIEL CASTANEDA.  As part of this effort, law enforcement collected toll data for EMMANUELL CASTANEDA's Mexican phone number and WhatsApp account.  Law enforcement believes EZEQUIEL CASTANEDA works with his Mexico-based brother, EMMANUELL CASTANEDA, to distribute drugs.

18.     On March 24, 2019, a cellular telephone assigned call number (210) 929-9785 ("E. Castaneda Phone #2") sent a WhatsApp message to EMMANUELL CASTANEDA from an IP address in or around Vancouver, Washington, where EZEQUIEL CASTANEDA is believed to reside.

19.     On April 1, 2019, E. Castaneda Phone #2 sent a WhatsApp message to EMMANUELL CASTANEDA from an IP address in or around Philadelphia, Pennsylvania.  Location data from E. Castaneda Phone #1 revealed that the device traveled that day from Pennsylvania, to New York, and back to New Jersey.  Using this data, New York DEA agents positively identified EZEQUIEL CASTANEDA in New Jersey, driving a 2011 Volkswagen Touareg (the "Volkswagen Touareg").

20.     On April 2, 2019, the Honorable J. Richard Creatura, United States Magistrate Judge, Western District of Washington, issued a warrant authorizing the

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 5
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | installation of a tracking device on a 1995 Ford F-150 ("the Ford F-150").   Law
2 | enforcement determined through surveillance that LUIS CASTANEDA used this vehicle.

3 |       21.     On April 3, 2019, a license plate reader captured a photograph of the
4 | Volkswagen Touareg in Houston, Texas.  On the same date, E. Castaneda Phone #2 sent a
5 | WhatsApp message to EMMANUELL CASTANEDA from an IP address in or around
6 | Carrollton, Texas.

7 |       22.     On April 16, 2019, the Honorable J. Richard Creatura, United States
8 | Magistrate Judge, issued a tracking warrant for E. Castaneda Phone #2. On May 3, 2019,
9 | the Honorable David W. Christel, United States Magistrate Judge, Western District of
10 | Washington, issued a tracking warrant for the Volkswagen Touareg.

11 |       23.     On May 17, 2019, investigators conducted a call detail analysis for L.
12 | Castaneda Phone #1, and noted that, on May 16, 2019, the device called (866) 793-7723.
13 | Investigators determined that the 866 number is a Verizon company line used for the
14 | activation of new Verizon Wireless SIM cards and phone numbers.  Tracker data from the
15 | Ford F-150 revealed that, at or around the time of the call, the vehicle was parked in front
16 | of a Target grocery store in Hillsboro, Oregon.

17 |       24.     Investigators reviewed the Target's CCTV footage from the relevant time
18 | frame, and observed LUIS CASTANEDA standing at the electronics counter appearing to
19 | purchase an item.  An employee provided investigators with a receipt from the transaction
20 | depicted in the CCTV footage, which revealed LUIS CASTANEDA had purchased a
21 | prepaid Verizon cellular phone with International Mobile Equipment Identity (IMEI)
22 | number 899864668035813020.  Investigators thereafter issued an administrative subpoena
23 | to Verizon for information associated with this device.  Verizon identified the call number
24 | associated with the device as (971) 264-8580, *i.e.*, the call number for the Target Account.
25 | According to Verizon, the Target Account became active on May 16, 2019.

26 |       25.     On May 24, 2019, investigators observed, via electronic surveillance, the
27 | Volkswagen Touareg and E. Castaneda Phone #2 depart Vancouver, Washington and travel
28 |

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 6
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to New York City, arriving May 27, 2019.  After less than an hour, the vehicle and phone
2  departed New York City and traveled to South Carolina, arriving May 28, 2019.

3       26.     On May 28, 2019, investigators from Charleston, South Carolina conducted
4  physical surveillance on the Volkswagen Touareg and positively identified EZEQUIEL
5  CASTANEDA as the driver.  During the surveillance, investigators observed a meeting
6  between EZEQUIEL CASTANEDA and a second male that lasted approximately two
7  minutes.   After the meeting, EZEQUIEL CASTANEDA departed from the meeting
8  location, followed by surveilling officers.

9       27.     During the surveillance, South Carolina Highway Patrol effected a traffic
10  stop on EZEQUIEL CASTANEDA operating the Touareg.  During the stop, a narcotics
11  detecting K9 was deployed on the exterior of the vehicle, which demonstrated a positive
12  alert for the odor of narcotics.  Investigators searched the vehicle, and located $31,960.00
13  in U.S. Currency as well as three cellular phones.  Law enforcement confirmed that two of
14  the cellular phones were E. Castaneda Phones #1 and #2.  EZEQUIEL CASTANEDA
15  denied knowing of the large amount of cash in his vehicle and the presence of two of the
16  three cellular phones.   Investigators subsequently released EZEQUIEL CASTANEDA
17  from the traffic stop.

18       28.     On June 5, 2019, investigators conducted phone toll analysis of L. Castaneda
19  Phone #1, which revealed contacts with a new telephone number—(360) 608-5487 ("E.
20  Castaneda Phone #3").  L. Castaneda Phone #1 had not called E. Castaneda Phone #3 prior
21  to May 28, 2019.

22       29.     Investigators issued an administrative subpoena to AT&T, the provider for
23  E. Castaneda Phone #3, which revealed the phone was activated on May 28, 2019—the
24  same day as the traffic stop of EZEQUIEL CASTANEDA and seizure of E. Castaneda
25  Phone #1 and #2.  A common call analysis comparing the last 30 days of phone tolls for E.
26  Castaneda Phone #2 to E. Castaneda Phone #3's tolls revealed 10 common called numbers
27  between the two phones.  Furthermore, the call number assigned to L. Castaneda Phone #1
28  was amongst the most frequently contacted numbers for E. Castaneda Phone #3.

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 7
(USAO #2019R00236)

30.     Law enforcement also conducted an analysis of call detail records for the Target Account phone number.   This analysis revealed that the number had 10 communications with E. Castaneda Phone #2 from May 17, 2019 through May 28, 2019—the day law enforcement seized E. Castaneda Phone #2.  Following that seizure, from May 29, 2019 through June 4, 2019, the Target Account phone number had contact with E. Castaneda Phone #3 more than 10 times.  These two numbers also exchanged four text messages.  Based upon these analyses, and the footage of LUIS CASTANEDA purchasing the device associated with the Target Account phone number, I believe LUIS CASTANDEA is the user of (971) 264-8580, *i.e.*, the call number for the Target Account.

31.     On June 7, 2019, I served a preservation notice on the Provider for the contents of the Target Account.

32.     Based upon my training and experience, and conversations with, and training from, other officers and agents involved in narcotics investigations, I know the following about drug traffickers and their use of cell phones:  Drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity—primarily, as a means to maintain contact with their suppliers, distributors, and customers, both by voice calls and text messages.  For instance, in the present investigation, EZEQUIEL and LUIS CASTANEDA have used cellular phones to communicate with each other, and with the CS regarding drug purchases.  I also know it is common for drug traffickers to use multiple telephones, in an effort to elude law enforcement detection.

33.     Based upon the foregoing, I submit there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by LUIS and EZEQUIEL CASTANEDA, and that LUIS CASTANEDA is currently using the call number for the Target Account.  I further submit there is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

34.     In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public, and that stored electronic

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 8
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

communications, including retrieved and unretrieved voicemail, text, and multimedia messages for Verizon subscribers may be located on the computers of Verizon. Further, I am aware that computers located at Verizon contain information and other stored electronic communications belonging to unrelated third parties.

35.     Wireless phone providers often provide their subscribers with voicemail services. In general, a provider will store voicemail messages on behalf of a particular subscriber until the subscriber deletes the voicemail. If the subscriber does not delete the message, the message may remain in the system of Verizon for weeks or months.

36.     Among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more wireless providers. This service is often referred to as "Short Message Service" ("SMS") or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging." Based on my knowledge and experience, I believe that stored electronic communications, including SMS and MMS messages that have been sent or received by subscribers, may be stored by Verizon for short periods incident to and following their transmission. In addition, providers occasionally retain printouts from original storage of text messages for a particular subscriber's account.

37.     Wireless phone providers typically retain certain transactional information about the use of each telephone, voicemail, and text-messaging account on their systems. This information can include log files and messaging logs showing all activity on the account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or e-mail addresses associated with particular telephone calls, voicemail messages, and text or multimedia messages. Providers may also have information about the dates, times, and methods of connecting associated with every communication in which a particular cellular device was involved.

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 9
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

38.    Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages.  A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received.  The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers as a matter of course.

39.    Many wireless providers retain information about the location in which a particular communication was transmitted or received.  This information can include data about which "cell towers" (i.e., antenna towers covering specific geographic areas) received a radio signal from the cellular device and thereby transmitted or received the communication in question.

40.    Wireless providers also maintain business records and subscriber information for particular accounts.  This information could include the subscribers' full names and addresses, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscribers' Social Security Numbers and dates of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscribers.  In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).  The

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 10
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  providers may also have payment information for the account, including the dates, times

2  and sometimes, places, of payments and the means and source of payment (including any

3  credit card or bank account number).

4      41.   In some cases, wireless subscribers may communicate directly with a

5  wireless provider about issues relating to the account, such as technical problems, billing

6  inquiries, or complaints from other users. Wireless providers typically retain records about

7  such communications, including records of contacts between the user and the provider's

8  support services, as well records of any actions taken by the provider or user as a result of

9  the communications.

10      42.   As explained below, information stored at the wireless provider, including

11  that described above, may provide crucial evidence of the "who, what, why, when, where,

12  and how" of the criminal conduct under investigation, thus enabling the United States to

13  establish and prove each element or alternatively, to exclude the innocent from further

14  suspicion. In my training and experience, the data pertaining to a particular cellular device

15  that is retained by a wireless provider can indicate who has used or controlled the cellular

16  device. This "user attribution" evidence is analogous to the search for "indicia of

17  occupancy" while executing a search warrant at a residence. For example, data collected

18  at the time of account sign-up, information relating to account payments, and

19  communications (and the data associated with the foregoing, such as date and time) may

20  indicate who used or controlled a cellular device at a relevant time. Further, such stored

21  electronic data can show how and when the cellular device and associated cellular service

22  were accessed or used. Such "timeline" information allows investigators to understand the

23  chronological context of cellular device usage, account access, and events relating to the

24  crime under investigation. This "timeline" information may tend to either inculpate or

25  exculpate the cellular device owner. Additionally, information stored by the wireless

26  provider may indicate the geographic location of the cellular device and user at a particular

27  time (e.g., historic cell-site location information; location integrated into an image or video

28  sent via text message to include both metadata and the physical location displayed in an

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 11
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    image or video). Last, stored electronic data may provide relevant insight into the state of
2    mind of the cellular device's owner and/or user as it relates to the offense under
3    investigation. For example, information relating to the cellular device in the possession of
4    the wireless provider may indicate the owner's motive and intent to commit a crime (e.g.,
5    communications relating to the crime), or consciousness of guilt (e.g., deleting
6    communications in an effort to conceal them from law enforcement).

7                    INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

8          43.    I anticipate executing this warrant under the Electronic Communications
9    Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using
10   the warrant to require Verizon to disclose to the government copies of the records and other
11   information (including the content of communications) particularly described in Section I
12   of Attachment B. Upon receipt of the information described in Section I of Attachment B,
13   government-authorized persons will review that information to locate the items described
14   in Section II of Attachment B.

15                                        CONCLUSION

16         44.    Based on the forgoing, I request that the Court issue the proposed search
17   warrant.

18                                              Respectfully submitted,

19

20                                              _____
                                                Special Agent Zachary A. Wills
21                                              Drug Enforcement Administration

22

23   Subscribed and sworn to before me on June 18th, 2019

24

25   Theresa L. Fricke
26   THERESA L. FRICKE
     UNITED STATES MAGISTRATE JUDGE
27

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS - 12
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ATTACHMENT A

*Property to Be Searched*

This warrant applies to information associated with call number (971) 264-8580 (the "Target Account") that is stored at premises owned, maintained, controlled, or operated by Cellco Partnership, DBA Verizon Wireless ("Verizon"), a wireless provider headquartered at 180 Washington Valley Road Bedminster, New Jersey 07921.

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT A
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1           **ATTACHMENT B**

2          *Particular Things to be Seized*

3 I.  Information to be Disclosed by the Provider

4    To the extent that the information described in Attachment A is within the

5 possession, custody, or control of Verizon, regardless of whether such information is

6 located within or outside of the United States, and including any messages, records, files,

7 logs, or information that have been deleted but are still available to Verizon or have been

8 preserved pursuant to a request made under 18 U.S.C. § 2703(f), Verizon is required to

9 disclose the following information to the government for each account or identifier listed

10 in Attachment A:

11    a.  All voice mail, text, and multimedia messages—from June 7, 2019 through

12 the date of execution of this warrant—stored and presently contained in, or on behalf of

13 the account or identifier;

14    b.  All existing printouts from original storage of all of the text messages

15 described above;

16    c.  All transactional information of all activity of the telephones and/or

17 voicemail accounts described above, including log files, messaging logs, local and long

18 distance telephone connection records, records of session times and durations, dates and

19 times of connecting, methods of connecting, telephone numbers associated with outgoing

20 and incoming calls, cell towers used, and/or locations used from June 7, 2019 through the

21 date of execution of this warrant;

22    d.  All text messaging logs, including date and time of messages, and

23 identification numbers associated with the handsets sending and receiving the message

24 from June 7, 2019 through the date of execution of this warrant;

25    e.  All business records and subscriber information, in any form kept, pertaining

26 to the individual accounts and/or identifiers described above, including subscribers' full

27 names, addresses, shipping addresses, date account was opened, length of service, the types

28 of service utilized, ESN (Electronic Serial Number) or other unique identifier for the

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  wireless device associated with the account, Social Security number, date of birth,
2  telephone numbers, and other identifiers associated with the account;

3     f.  Incoming and outgoing telephone numbers, from June 7, 2019 through the
4  date of execution of this warrant;

5     g.  All records indicating the services available to subscribers of individual
6  accounts and/or identifiers described above; and

7     h.  All records pertaining to communications between Verizon and any person
8  regarding the account or identifier, including contacts with support services and records of
9  actions taken.

10    Verizon is hereby ordered to disclose the above information to the government
11  within seven days of service of this warrant.

12  II.  Information to Be Seized by the Government

13    All information described above in Section I that constitutes fruits, evidence and
14  instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846 involving LUIS
15  CASTANEDA since June 7, 2019, including, for each account or identifier listed on
16  Attachment A, information pertaining to the following matters:

17     a.  Conversations relating to the unlawful sale of narcotics;

18     b.  Evidence indicating how and when the cellular device and associated cellular
19  service was used to determine the chronological context of cellular device use, account
20  access, and events relating to the crime under investigation;

21     c.  Evidence indicating the geographic location of the cellular device at times
22  relevant to the investigation;

23     d.  Evidence indicating the cellular device owner or user's state of mind as it
24  relates to the crime under investigation;

25     e.  The identity of the person(s) who created the account associated with the
26  cellular device and/or used the cellular device, including records that help reveal the
27  whereabouts of such person(s); and

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     f.     The identity of the person(s) who sent to and/or received communications

2 from the cellular device about matters relating to the distribution of controlled substances,

3 including records that help reveal their whereabouts.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT ZACHARY WILLS – ATTACHMENT B
(USAO #2019R00236)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970